# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| DARRYL K. STURKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No: 1:11-03525-TLW-PJG |
| vs. ) | |
| ) | ORDER |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On September 20, 2012, Plaintiff filed a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, on the basis that the position taken by the defendant in this action was not substantially justified. (Doc. # 21). The motion seeks reimbursement for counsel's representation in the captioned matter in the amount of $3787.50 for fees (25.25 hours at $150.00 per hour), and $17.37 for costs and expenses. Plaintiff's motion further sought that the fees and costs be granted directly to the attorney rather than to the Plaintiff. Defendant filed a response on October 9, 2012, notifying the Court that the Defendant would not oppose the Plaintiff's motion and thus agreed to pay the requested fees and costs. (Doc. # 23). However, Defendant objected to Plaintiff's request that payment be made directly to the Plaintiff's attorney.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The standard to be applied in determining whether the Commissioner was "substantially justified" in terminating social security benefits, for purposes of determining

whether award of attorney's fees under the EAJA is warranted, is whether there was arguably substantial evidence to support the Commissioner's position, not whether there was some evidence to support the position. Anderson v. Heckler, 756 F.2d 1011 (4th Cir. 1984). Regarding the award of fees and costs, the Supreme Court has held that the award must go to the party rather than to the attorney. See Astrue v. Ratliff, 130 S.Ct. 2521, 2524 (2010); see also 28 U.S.C. § 2412(d)(1)(A). As noted, the Government does not oppose payment of fees and costs but does oppose payment directly to Plaintiff's attorney. After careful consideration of the briefs filed by the parties, the Court concludes that the government's position was not substantially justified and that fees and costs are awarded. However, the fees and costs are awarded directly to the Plaintiff rather than to the Plaintiff's attorney.

Based on the foregoing and after considering the briefs and materials submitted by the parties, IT IS ORDERED that Plaintiff's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, be GRANTED in part and DENIED in part. (Doc. # 21). To the extent the motion seeks an award of attorney's fees and costs, the motion is GRANTED in the amount of $3787.50 for fees and $17.37 for costs and expenses. To the extent the motion seeks that fees and costs be awarded directly to the Plaintiff's attorney, the motion is DENIED, the Defendant's objections are SUSTAINED, (Doc. # 23), and IT IS ORDERED that the costs and fees awarded herein be paid directly to the Plaintiff.

                                      s/Terry L. Wooten
                                      TERRY L. WOOTEN
                                      UNITED STATES DISTRICT JUDGE

January 31, 2013
Columbia, South Carolina